# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

GINA SHANNON,
    Plaintiff,

    v.

TARGET STORES, INC., ET AL.,
    Defendants.

No. 3:13-cv-612 (SRU)

## RULING ON MOTION TO REMAND

The plaintiff, Gina Shannon ("Shannon" or "the plaintiff"), a citizen of Connecticut,

brought this negligence action in Connecticut Superior Court against Target Stores, Inc.

("Target"), a Minnesota corporation with its principal place of business in Minnesota, and Rod

Schmidt ("Schmidt"), a citizen of Connecticut (collectively, "the defendants"), after she

allegedly slipped and fell on an uneven and/or sloped surface outside the front entrance of a

Target store located in Waterbury, Connecticut.  The defendants subsequently removed the

action to federal court on the basis of diversity jurisdiction, arguing that Schmidt, the store's

manager, was fraudulently joined solely to defeat diversity.  *See* Notice of Removal (doc. # 1).

Now before the court is the plaintiff's motion to remand.  For the reasons that follow, the

plaintiff's motion (doc. # 13) is GRANTED.

     "[F]ederal courts are courts of limited jurisdiction and, as such, lack the power to

disregard such limits as have been imposed by the Constitution or Congress." *Purdue Pharma*

*L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (internal quotation omitted).  "The federal

removal statute allows a defendant to remove an action to the United States District Court in 'any

civil action brought in a State court of which the district courts of the United States have original

jurisdiction.'" *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010)

(quoting 28 U.S.C. § 1441(a)).  The party seeking removal bears the burden of establishing

federal jurisdiction.  *United Food & Commercial Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).  "However, '[i]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability.'"  *Purdue Pharma L.P.*, 704 F.3d at 213 (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)).

Federal subject-matter jurisdiction in this case is premised solely on diversity of citizenship.  *See* 28 U.S.C. § 1332(a)(1).  Under what is known as the *Strawbridge* rule of complete diversity, "the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."  *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005) (citing *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L. Ed. 435 (1806)).  Because the parties agree that one of the named defendants—Schmidt—is from the same state as the plaintiff, complete diversity appears to be missing.

In limited circumstances, however, a named defendant may be disregarded in determining diversity under the doctrine of fraudulent joinder.  That doctrine "is meant to prevent plaintiffs from joining non-diverse parties in an effort to defeat federal jurisdiction."  *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004).  Where, as here, no outright fraud exists in the pleadings, the joinder of a non-diverse defendant will only be deemed fraudulent if "there is no possibility that the claims against that defendant could be asserted in state court."  *Id.* (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)).  The defendant bears "the heavy burden" of proving fraudulent joinder by "clear and convincing evidence, with all factual and legal ambiguities resolved in favor of plaintiff."  *Id.*

(citing *Pampillonia*, 138 F.3d at 461).

Applying this strict standard, I have little trouble concluding that the defendants have failed to prove, by clear and convincing evidence, that Schmidt was fraudulently named as a defendant solely to defeat diversity.

According to the defendants, because Target is the undisputed owner of the premises, and a corporation with pockets deep enough to satisfy claims by injured customers, Shannon has no legitimate negligence claim against Schmidt, the store manager, individually.  But the defendants supply no authority for the proposition that Connecticut law *precludes* an injured plaintiff from asserting negligence claims against a store manager merely because she has asserted the same or substantially-similar claims against the storeowner.  On the contrary, district courts have explicitly rejected that very proposition, holding that "Connecticut law does not foreclose a claim against a store manager whose alleged negligence causes the same alleged injuries as the storeowner's alleged negligence."  *Szewczyk v. Wal-Mart Stores, Inc.*, No. 3:09-cv-1449 (JBA), 2009 WL 3418232, at *4 (D. Conn. Oct. 19, 2009) (rejecting claim of fraudulent joinder in a premises liability action, and remanding the case to state court); *see also Fernandez v. Wal-Mart Stores, Inc.*, No. 3:05-cv-1950, 2006 WL 1405540, at *1 (D. Conn. May 10, 2006) (rejecting claim that store manager was fraudulently joined to defeat diversity, and remanding the case because "at least one other Connecticut plaintiff has succeeded in suing a Wal-Mart store manager for negligence") (citing *Meek v. Wal-Mart Stores, Inc.*, 72 Conn. App. 467, 468 (2002)).[1]

---

[1] In *Meek*, the Connecticut Appellate Court affirmed a jury verdict against both Wal-Mart Stores, Inc.—the storeowner—and "the manager and assistant manager . . . of the Wal-Mart store" after certain negligently-shelved merchandise fell and injured the plaintiff.  72 Conn. App. at 468.  Specifically, the Court stated that

In light of the above, and based on the allegations raised in the complaint, I cannot conclude that "there is no possibility that the claims against [Schmitt] could be asserted in state court." *Briarpatch*, 373 F.3d at 302.  Because the defendants have failed to establish that Schmitt was fraudulently joined, the defendants cannot meet their burden of showing that complete diversity exists, and the case must be remanded for lack of subject-matter jurisdiction.

In sum, the plaintiff's motion (doc. # 13) is GRANTED, and the case is hereby remanded to Connecticut Superior Court.  The defendants' motion to dismiss (doc. # 6) is denied.

---

> [a]s to [the manager and assistant manager], the plaintiff alleged that they failed to use reasonable care in following Wal-Mart's safety policies concerning storage of merchandise; they failed to properly supervise other employees in storing merchandise safely and reasonably; they *failed to properly inspect* the shelving where the tables were stored; and they knew or should have known of numerous other incidents in which Wal-Mart customers were injured by falling merchandise that had been improperly stored, but *failed to use reasonable care* to prevent merchandise from falling on the plaintiff.

*Id.* at 471 (emphasis added).  Here, Shannon similarly alleges, *inter alia*, that Schmidt "failed to properly and reasonably inspect the area outside the front entrance"; "failed to properly demarcate the uneven surface"; and "failed to post/erect signs to warn" of the dangerous condition.  Compl. ¶ 3 (doc. # 1-1).

The defendants nevertheless attempt to distinguish *Meek* from the case at bar, arguing that Schmidt was not "engaged in any active negligence like the manager and assistant manager in *Meek[]*," because, as a factual matter, Schmidt "was not working on the date of the incident and had no control over the design of the curb and did not participate in the design or construction of the curb."  Obj. to Mot. to Remand at 5 (doc. # 16).  That argument fails for at least two reasons.

First, the argument relies entirely on facts outside the pleadings, which cannot be considered when assessing a claim of fraudulent joinder.  *See Pampillonia*, 138 F.3d at 461 ("In order to show that naming a non-diverse defendant is a 'fraudulent joinder' effected to defeat diversity, the defendant must demonstrate . . . that there is no possibility, *based on the pleadings*, that the plaintiff can state a cause of action against the non-diverse defendant in state court.") (emphasis added).

Second, the defendants ignore the substance of the allegations against Schmidt, individually.  Contrary to the defendants' reading, the complaint does not merely allege that the premises were defective or improperly maintained.  Rather, the complaint alleges that Schmidt himself was negligent for, *inter alia*, failing to reasonably inspect the area and failing to warn of the dangerous condition.  *See* Compl. ¶ 3.  Assuming, as I must at this stage, the truth of those allegations, I cannot conclude that there is "no possibility" that Shannon can state a cause of

It is so ordered.

Dated at Bridgeport, Connecticut, this 20th day of June 2013.

  /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge

---

action against Schmidt in state court.  *See Pampillonia*, 138 F.3d at 461.